IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

SYMBOL TECHNOLOGIES, INC.,

        Plaintiff,

- v -

METROLOGIC INSTRUMENTS, INC.,

        Defendant.

------------------------------------X

No. 07 CIV 8635

ECF CASE

JURY TRIAL DEMANDED

JUDGE KAPLAN

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Symbol Technologies, Inc. ("Symbol"), by its counsel and for its Complaint (the "Complaint") against Defendant, Metrologic Instruments, Inc. ("Metrologic"), alleges as follows:

### PARTIES

1. Symbol is a Delaware corporation having its principal place of business at One Symbol Plaza, Holtsville, New York 11742-1300. Symbol develops and markets innovative, high-performance products, including laser bar code scanners and scan engines. Symbol is a wholly-owned subsidiary of Motorola Inc.

2. Metrologic is a New Jersey corporation having its principal place of business at 90 Coles Road, Blackwood, New Jersey 08012. Metrologic sells laser bar code scanners and/or components thereof in the United States.

## JURISDICTION AND VENUE

3. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

5. This Court has personal jurisdiction over Metrologic pursuant to the provisions of the New York Long Arm Statute, N.Y. C.P.L.R. § 302(a), and the laws of the United States. Metrologic offers for sale and sells laser bar-code scanners and/or components thereof in the United States and in this judicial district. At least some of those products infringe various patents owned by Symbol. In addition, Metrologic places its infringing products in the stream of commerce, which stream is directed at this district. As a result of the foregoing, jurisdiction exists specifically as well as generally.

## THE PATENTS

6. Symbol is the owner by assignment of United States Letters Patent No. 5,596,446 ("the '446 patent"), entitled "Ultra Compact Scanning System For A Wide Range Of Speeds, Angles And Field Depth." The '446 patent duly and legally issued January 21, 1997. A copy of the '446 patent is attached to this Complaint as Exhibit A.

7. Symbol is the owner by assignment of United States Letters Patent No. 5,870,219 ("the '219 patent"), entitled "Ultra Compact Scanning System For A Wide Range Of Speeds, Angles And Field Depth." The '219 patent duly and legally issued February 9, 1999. A copy of the '219 patent is attached to this Complaint as Exhibit B.

8. Symbol is the owner by assignment of United States Letters Patent No. 6,708,886 ("the '886 patent"), entitled "High Speed Scanning Arrangements." The '886 patent

duly and legally issued March 23, 2004. A copy of the '886 patent is attached to this Complaint as Exhibit C.

9. Symbol is the owner of all rights, title and interest in and to the '446, '219 and '886 patents (collectively "Patents-in-Suit") and is entitled to sue for past and future infringement of those patents.

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '446 PATENT)

10. Plaintiff repeats and realleges the allegations in paragraphs 1-9.

11. Metrologic has imported into the United States, sold and/or offered for sale in the United States, products covered by the '446 patent and/or products that when used in accordance with their instructions practice the methods covered by the '446 patent.

12. Metrologic has had actual and/or constructive notice and knowledge of the '446 patent. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Metrologic continues to import, sell and/or offer for sale in the United States products covered by the '446 patent and/or products that when used in accordance with their instructions practice the methods covered by the '446 patent.

13. Metrologic has infringed and/or induced the infringement of and/or contributed to the infringement of the '446 patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products covered by the '446 patent and/or products that when used in accordance with their instructions practice the methods covered by the '446 patent.

14. Metrologic has willfully infringed and continues to willfully infringe the '446 patent. Metrologic has conducted and continues to conduct its reckless infringing acts, despite an objectively high likelihood that its actions constituted infringement of the '446 patent.

3

The continued infringement of the '446 patent by Metrologic has damaged and will continue to damage Symbol.

15. Because Symbol and Metrologic are competitors in the relevant market, the infringement of the '446 patent by Metrologic has caused and will continue to cause Symbol irreparable harm unless preliminarily and permanently enjoined by the Court. Symbol has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF THE '219 PATENT)

16. Plaintiff repeats and realleges the allegations in paragraphs 1-9.

17. Metrologic has imported into the United States, sold and/or offered for sale in the United States, products covered by the '219 patent.

18. Metrologic has had actual and/or constructive notice and knowledge of the '219 patent. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Metrologic continues to import, sell and/or offer for sale in the United States products covered by the '219 patent.

19. Metrologic has infringed and/or induced the infringement of and/or contributed to the infringement of the '219 patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products covered by the '219 patent.

20. Metrologic has willfully infringed and continues to willfully infringe the '219 patent. Metrologic has conducted and continues to conduct its reckless infringing acts, despite an objectively high likelihood that its actions constituted infringement of the '219 patent. The continued infringement of the '219 patent by Metrologic has damaged and will continue to damage Symbol.

21. Because Symbol and Metrologic are competitors in the relevant market, the infringement of the '219 patent by Metrologic has caused and will continue to cause Symbol irreparable harm unless preliminarily and permanently enjoined by the Court. Symbol has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF THE '886 PATENT)

22. Plaintiff repeats and realleges the allegations in paragraphs 1-9.

23. Metrologic has imported into the United States, sold and/or offered for sale in the United States, products covered by the '886 patent.

24. Metrologic has had actual and/or constructive notice and knowledge of the '886 patent. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Metrologic continues to import, sell and/or offer for sale in the United States products covered by the '886 patent.

25. Metrologic has infringed and/or induced the infringement of and/or contributed to the infringement of the '886 patent by importing into, offering for sale, or selling in the United States, or by intending that others import into, offer for sale, or sell in the United States, products covered by the '886 patent.

26. Metrologic has willfully infringed and continues to willfully infringe the '886 patent. Metrologic has conducted and continues to conduct its reckless infringing acts, despite an objectively high likelihood that its actions constituted infringement of the '886 patent. The continued infringement of the '886 patent by Metrologic has damaged and will continue to damage Symbol.

27. Because Symbol and Metrologic are competitors in the relevant market, the infringement of the '886 patent by Metrologic has caused and will continue to cause Symbol

5

irreparable harm unless preliminarily and permanently enjoined by the Court. Symbol has no adequate remedy at law.

**WHEREFORE,** Symbol prays for relief and judgment against Metrologic as follows:

    A.    Adjudging that Metrologic is infringing the Patents-in-Suit;

    B.    Adjudging that the infringement by Metrologic of the Patents-in-Suit was willful, and that the continued infringement by Metrologic of the Patents-in-Suit is willful;

    C.    Entering an order preliminarily and permanently enjoining Metrologic from any further acts of infringement of the Patents-in-Suit;

    D.    Awarding Symbol damages in an amount adequate to compensate Symbol for the infringement by Metrologic of the Patents-in-Suit, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

    E.    Entering an order trebling any and all damages awarded to Symbol by reason of the willful infringement by Metrologic of the Patents-in-Suit, pursuant to 35 U.S.C. § 284;

    F.    Entering an order awarding Symbol interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

    G.    Declaring this an exceptional case and awarding Symbol its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

    H.    Awarding Symbol such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Symbol hereby demands trial by jury on all issues in its Complaint.

Dated: New York, New York
       October 5, 2007

Respectfully submitted,

HOGAN & HARTSON LLP

By: _____
Eric J. Lobenfeld (EJL-4560)
Ira J. Schaefer (IJS-6172)
Arun Chandra (AC-4403)

875 Third Avenue
New York, New York  10022
(212) 918-3000

*Attorneys for Plaintiff*
*Symbol Technologies, Inc.*